12-574-cv
*Gaind v. Cordero, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
    *Circuit Judges*,
JESSE M. FURMAN,
    *District Judge*.[1]

―――――――――――――――――――――――――

MEENU GAIND,

    *Plaintiff-Appellant,*

    v.                                                          No. 12-574-cv

ANGEL GARCIA CORDERO, ANTA INVERSIONES Y
ASESORAMIENTO S.A.,

    *Defendants-Appellees,*

EDWARD GUINOT PIEROT, FELICIA PIEROT CHOI BRODY,
CATHERINE PIEROT CHEN ZICHERMAN, PIEROT ENTERPRISE, INC.,
PALM BEACH TRADING, INC., ANLA INTERNACIONAL ASERAMIENTO
FIANCIERO, S.L., ROBERT JACOB PIEROT, JR., Individually and in
his capacity as the executor of the estate of Robert Jacob
Pierot, Sr. and in his capacity as the trustee to the Trust of Julie

―――――――――――――――――――
[1] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation

Pierot Ziegler for the benefit of her son Dustion Ziegler,

        *Defendants.*[2]

---

**FOR PLAINTIFF-APPELLANT:**            Meenu Gaind, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**      Timothy P. Kebbe, Law Offices of Timothy P. Kebbe, White Plains, NY.

      Appeal from an order of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

      Appellant Meenu Gaind, proceeding *pro se*, appeals the District Court's order denying her motion to reconsider its grant of summary judgment in favor of the defendants in this contractual dispute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

      Where a motion to reconsider is filed within 28 days of the entry of an order, a timely notice of appeal from the denial of that motion also "suffices to bring up for review the underlying [order]" and renders the appeal from the underlying order timely. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121-22 (2d Cir. 2008). But a district court's grant of a motion to extend the time in which to file a motion to reconsider does not extend this time period. *See Lichtenberg v. Besicorp Grp., Inc.*, 204 F.3d 397, 401 (2d Cir. 2000). As Gaind's motion for reconsideration was filed more than 28 days after the underlying judgment was entered, her notice of appeal does not raise the underlying judgment for appellate review. Our review on appeal therefore is limited to considering the District Court's denial of her motion for reconsideration.

      This Court reviews a district court's denial of a motion to reconsider for abuse of discretion. *Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006). A court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims,* 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted).

---

[2] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

An independent review of the record demonstrates that the District Court properly denied Gaind's reconsideration motion. Gaind's proffered new evidence generally was irrelevant and inadmissible, and the reconsideration motion otherwise raised new claims that could have been raised in opposing summary judgment and claims that previously had been rejected by the District Court. Accordingly, we conclude that the District Court did not abuse its discretion in denying Gaind's reconsideration motion, substantially for the reasons stated in its well-reasoned decision.

**CONCLUSION**

We have considered all of Gaind's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3